UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN MICALI,

                      Petitioner,

   - against -

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------X

03 CR 970 (SJ)

**MEMORANDUM
&
ORDER**

APPEARANCES

JOHN MICALI
#42067-053
F.C.I. Ft. Dix West
P.O. Box 38
Ft. Dix, New Jersey 08640
Petitioner *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:   Joey Lipton, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

     John Micali ("Petitioner"), acting *pro se*,[1] has moved this Court to compel

---

[1] The standard for *pro se* petitions is liberally interpreted in favor of the petitioner. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

the government to produce to Petitioner several documents, including witness lists and loss amounts. Petitioner contends that he is entitled to these documents because such documents are necessary in order to file a post-conviction motion challenging the restitution imposed at sentencing. For the following reasons, Petitioner's motion is denied.

## BACKGROUND

On February 19, 2004, Petitioner pled guilty pursuant to a plea agreement to Counts One and Three in a twenty count, nine defendant case. On June 18, 2004, Petitioner was sentenced to a term of imprisonment of fifty-one months, three years supervised release, a special assessment of $200.00, and restitution in the amount of $767,723.53, to be paid at a rate of 15% of Petitioner's monthly income until paid in full. Petitioner did not file a direct appeal. On October 23, 2005, Petitioner filed the instant motion. For the following reasons, Petitioner's motion is denied.

## DISCUSSION

First, any collateral attack upon Petitioner's sentence would be time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996, a request for relief pursuant to § 2255 is generally subject to a one-year statute of limitation. Section 2255 provides, in pertinent part:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255. When a petitioner has not filed a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir.2005) (citing Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir.2004) (finding that, for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")).

Under Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within ten days. Pursuant to Federal Rule of Appellate Procedure 26(a)(2), as amended effective December 1,

3

2002 and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. In this case, judgment was entered against Petitioner on June 21, 2004. Therefore, Petitioner's judgment of conviction became final on July 6, 2004. Because Petitioner's motion was not filed until well after July 6, 2005, any motion pursuant to § 2255 is time-barred.

Second, it is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable. See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998) (citing United States v. Chen, 127 F.3d 286, 289-90 (2d Cir.1997)). Waivers of the right to appeal include, by implication, waivers of the right to collaterally attack one's sentence. See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir.2001). Accordingly, because Petitioner waived his right to appeal in his plea agreement, he is precluded from collaterally attacking his conviction.

Third, it is also well-established that a petitioner will be barred from raising a claim in a § 2255 habeas petition if that same claim was not previously raised on direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir.1998) (citations omitted); see also Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993). As noted above, Petitioner did not raise any claims on direct appeal and therefore is procedurally barred from raising any claims under § 2255.

4

P-049

## CONCLUSION

Therefore, because Petitioner is procedurally barred from raising a § 2255 claim for numerous reasons, the Court declines to exercise its discretion in ordering the government to comply with Petitioner's request. See Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner's motion is DENIED.

SO ORDERED.

Dated: August 10, 2007
      Brooklyn, New York

s/SJ

Senior U.S.D.J.

5